By the Court.
 

 The question here decided is whether, under the charter of the city of Lakewood, the filing of an initiative petition to repeal certain ordinances adopted by the council of the city operates to suspend, pending an election thereon, the authority and operation of the ordinance, or ordinances, so adopted by council.
 

 The city of Lakewood, under the power conferred
 
 *76
 
 upon it by Section 7 of Article XVIII of tbe Constitution of Ohio, adopted a charter, in which it provided in Section 1, Article III: “The Legislative powers of the City, except as limited by this charter, shall be vested in a council consisting of seven members * *
 

 The limitations upon the power of council were the reserved right of the electors to initiate ordinances by petition and to enact such ordinances by a vote, and the reserved right of the electors by petition to refer ordinances adopted by council to a vote of the electors.
 

 Under the title “The Referendum,” Section 14 of Article X of the charter provides: “No ordinance passed by the Council, unless it be an emergency measure or a measure excepted in Section 20 of this Article, shall go into effect until forty (40) days after its passage by the Council.”
 

 Section 15 of Article X provides: “If at any time within said forty (40) days a' petition signed by qualified electors of the City equal in number to at least fifteen per cent (15%) of the total number of votes cast at the last preceding general municipal election, be filed with the Clerk of the Council requesting that any such ordinance be repealed or submitted to a vote of the electors, it shall not become operative until the steps indicated herein have been taken. ’ ’
 

 No referendum petitions on the ordinances in question were filed.
 

 Under the title “The Initiative,” Section 1 of Article X provides: “Any proposed ordinance may be submitted to the Council by petition signed by qualified electors # * *.”
 

 
 *77
 
 An initiative petition to in effect repeal the ordinances in question was filed.
 

 Section 9 of Article X, under the title “The Initiative,” provides-, in part: “If an election is to be held not more than six months or less than thirty (30) days after the receipt of the clerk’s certificate by the Council, such proposed ordinance shall then be submitted to a vote of the electors. If no such election is to be held within the time aforesaid the Council may provide for submitting the proposed ordinance to the electors at a special election. If no other provision be made as to the time of submitting a proposed ordinance to a vote of the electors, it shall be submitted at the next election.”
 

 Section 11 of Article X, under the title “The Initiative,” provides: - “If a majority of the qualified electors voting on any such proposed ordinance shall vote in favor thereof, it shall thereupon become an ordinance of the city. ’ ’
 

 Section 12 of Article X, under the title “The Initiative,” provides: “Proposed ordinances for repealing any existing ordinance or ordinances in whole or in part may be submitted to the Council as provided in this section. ’ ’
 

 We pass the question of
 
 res judicata;
 
 also the question whether the ordinance passed as an emergency measure was in fact an emergency measure, and whether such question is a justiciable one, since the charter provides, in Section 23 of Article X: “Ordinances passed as emergency measures shall go into effect at the time indicated therein but shall be subject to referendum in like manner as other ordinances, except that they shall go into effect at the time indicated in such ordinances.”
 

 
 *78
 
 We likewise pass the question of the capacity of the defendants in error to maintain this action.
 

 The city of Lakewood, acting within the power conferred by the Constitution, by charter defined the effect of the filing of a referendum petition, and explicitly provided that the filing of such a petition within a designated time should operate to suspend the effective date of the ordinance until such time as the electors had voted thereon, and, in our judgment, as explicitly provided that ordinances adopted by the council may be repealed by an initiated ordinance, although to reach such conclusion we are obliged to interpret the word “section,” of Section 12, Article X, as meaning either “article” or “charter,” such interpretation being the only interpretation that will give any effect to that section.
 

 Having provided for the repeal of ordinances by initiated ordinance, it definitely provided that, when adopted by a majority vote of the electors, “it shall
 
 thereupon
 
 become an ordinance of the city.”
 

 The council, acting under authority of the charter, exercised its discretion not to call a special election. The initiated ordinance, therefore, by the provisions of the charter, will be submitted to the electors at the November general election in 1931. If adopted, it will “thereupon” become an ordinance of the city. Until the happening of such an event, the ordinances sought to be so repealed are in full effect. It may not now be assumed either that the electors will, or that they will not, adopt such initiated ordinance.
 

 The plaintiffs in error, officials of the city of Lakewood, in the execution of the contract in question, were but performing the duty imposed upon them by the ordinances of the city, enacted by the legislative
 
 *79
 
 body authorized to enact such ordinances; and the plaintiff in error contractor, in the construction of the plant, was but performing the covenants of Ms contract, executed in pursuance of such ordinances.
 

 The city having provided that the effective date of an iMtiated ordinance is when such ordinance is enacted by a vote of the electors, courts are without power to provide an earlier effective date.
 

 The judgment of the Court of Appeals is reversed, and final judgment rendered for the plaintiffs in error.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.